UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **JAMES W. THURMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 3:17-cv-00024 |
| v. | ) REEVES/GUYTON |
| | ) |
| **JOE GUY,**[1] | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc.1] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, Plaintiff's application for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED** and as Plaintiff is no longer incarcerated, he will not be assessed the filing fee. For the reasons set forth below, however, no process shall issue and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

### I. Screening Standard

District courts shall, at any time, *sua sponte* dismiss any claims filed *in forma pauperis* that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007)

---

[1] While the Court's docket sheet lists both Joe Guy and the McMinn County Sheriff as Defendants, Joe Guy is the Sheriff of McMinn County and it appears from the complaint that Plaintiff intended to name only Joe Guy as a Defendant while listing "Sheriff of McMinn County" as his occupation [Doc. 1 p. 1]. Thus, the Clerk is **DIRECTED** to update the Court's docket sheet to reflect this.

"governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a review under this rule, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II.    Allegations of the Complaint

The substance of Plaintiff's complaint states in entirety, as follows:

> "They put a dog that die[d] in with the food in the jail that we have to eat cruel and unusual punishment I am asking the court for th[e]m to pay [eight] hundred thousand and all attorney fee and court fee."

[Doc. 1 p. 5]. The only Defendant in this action is Joe Guy, the Sheriff of McMinn County.

## III.    Legal Analysis

While Plaintiff has sued Defendant Guy, he does not set forth any specific allegations against him in the complaint. Accordingly, it is apparent that Plaintiff seeks to hold Defendant Guy liable for the allegations of the complaint because of his position as Sheriff of McMinn

2

County.  In a suit brought under § 1983, however, liability cannot be imposed solely on the basis of respondeat superior.  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  The law is well settled that a plaintiff must allege a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant.  *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).  "[L]iability cannot be based solely on the right to control employees."  *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).  Accordingly, Plaintiff's claim is not cognizable under § 1983 and this action will be **DISMISSED**.

### IV. Conclusion

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 and this action will therefore be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).  As Plaintiff is no longer a prisoner, he will not be assessed the filing fee.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

E N T E R :

_____
UNITED STATES DISTRICT JUDGE